AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Ruben Verastigui | ) Case No.  21-mj-202 (GMH) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐**(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐**(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐**(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐**(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐**(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision

- ❒ History of violence or use of weapons
- ❒ History of alcohol or substance abuse
- ❒ Lack of stable employment
- ❒ Lack of stable residence
- ❒ Lack of financially responsible sureties
- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ❒ Prior attempt(s) to evade law enforcement
- ❒ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Mr. Verastigui argued that the strength of the Government's evidence has not yet been tested through discovery, including the alleged admissions and acknowledgments by Mr. Verastigui. Mr. Verastigui indicated that, even if the Government's proof stands, a combination of release conditions could address concerns about safety to the community. Those conditions could include placing Mr. Verastigui in the third-party custodianship of his mother and father in their home in San Antonio, Texas; GPS monitoring; and steps to block Mr. Verastigui's access to electronic devices. Mr. Verastigui argued that the conversations attributed to him were no more than fantasy as they occurred over several months during which there is no evidence of Mr. Verastigui performing acts like those in the conversations and shared media. Mr. Verastigui also noted he has been employed in policy-related organizations and has no history of contact with the criminal justice system.

Nature and circumstances of offense(s):

Mr. Verastigui is charged with receiving and possessing child pornography. These are serious alleged offenses that inflict great violence on children and their communities. Actions like those alleged are poison that spreads quickly with long-lasting destructive impacts to the involved children's psyches. For this reason, this factor weighs in favor of pretrial detention. According to the Government's proffer, since April 2020 Mr. Verastigui engaged with an online group of 18 members who exchanged child pornography. As part of this participation, Mr. Verastigui expressed a sexual interest in young children and an interest in the rape and killing of young children. He also received media depicting child pornography including videos and responded encouragingly. He and another group participant discussed going somewhere to abuse and kill a child and evade law enforcement. Homeland Security Investigations identified Mr. Verastigui as the group participant in question and executed a search warrant on his D.C. residence on February 5, 2021. Mr. Verastigui was present for the search and arrested that day.

The strength of the government's evidence:

The evidence against Mr. Verastigui is strong, thus this factor weighs in favor of pretrial detention. The Government proffered that Mr. Verastigui admitted he was the identified group participant, that he sent and received child pornography, that he wrote the messages that law enforcement showed him from the group's conversations, and acknowledged that there was child pornography on his electronics. The Government's forensic analysis of Mr. Verastigui's electronics found evidence of his participation in the group's online platform and the group itself in addition to child pornography videos. The Government found that Mr. Verastigui shared a photo of himself with a group member that resembled one of Mr. Verastigui's social media photos in several ways.

The defendant's history and characteristics, including criminal history:

Mr. Verastigui's history and characteristics favor release. He has been gainfully employed for years in the D.C. area working on important policy issues. He lives alone, and he has no criminal history whatsoever.

The defendant's dangerousness/risk of flight:

Mr. Verastigui is charged with very serious crimes which each trigger a rebuttable presumption of detention upon a finding of probable cause that he committed the offenses. The fact that Congress identified these particular offenses as justifying detention highlights how serious the danger is. While the law does not permit the policing of thought, Mr. Verastigui's alleged crimes are animate, overt acts that are themselves violent. The statements Mr. Verastigui made in the group further indicate the risk of possible physical harm to children and animals to the point of death. The discussion of avoiding law enforcement demonstrated knowledge that these actions were wrong. There are sophisticated techniques to circumvent whatever electronics/internet limitations the court can impose, and even a single repeated offense of the type charged poses severe danger to the community. Therefore, the danger posed by Mr. Verastigui's release is such that no condition or combination of conditions can assure the safety of the community.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  02/12/2021

United States Magistrate Judge