

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 27, 2021

Kira West

          Re:     United States v. Ruben Verastigui
                    Criminal Case No. 21cr409

Dear Ms. West,

      This letter sets forth the full and complete plea offer to your client, Ruben Verastigui (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on May 10, 2021. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement ("this Agreement"). This is a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms of the offer are as follows:

      **1.**     **Charges and Statutory Penalties**

      Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with Receipt of Child Pornography, in violation of 18 U.S.C. Sections 2252(a)(2).

      Your client understands that a violation of of 18 U.S.C. § 2252(a)(2) carries a mandatory minimum sentence of 5 years of imprisonment and a maximum sentence of 20 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of at least 5 years but not more than life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2018) (hereinafter "Sentencing Guidelines," "Guidelines," or

"U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.  Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

Your client understands that, pursuant to 18 U.S.C. § 3014(a), your client must pay an additional special assessment in the amount of $5,000, unless your client is found by the Court to be indigent at the time of sentencing.

Your client also understands that the court shall impose mandatory restitution pursuant to 18 U.S.C. § 2259, which restitution amount shall reflect the defendant's relative role in the causal process that underlies the victims' losses.

### 2. **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense(s) to which your client is pleading guilty.  Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

### 3. **Additional Charges**

In consideration of your client's guilty plea to the above offense(s), your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.  Moreover, if your client's plea to receipt of child pornography is accepted by the Court, and provided the plea is not later withdrawn or challenged, the Arizona State Attorney General's Office and the U.S. Attorney's Office for the District of Arizona will not prosecute your client for his distribution, receipt, access with intent to view, possession, and/or conspiracy to distribute, receive, access with intent to view, or possession of child pornography relating to the conduct in the Statement of Facts and the underlying investigation of this case.

### 4. **Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, your client and the Government agree that a sentence between **144 months** and **188 months** of incarceration, followed by **5** years of supervised release, is the appropriate sentence for the offense(s) to which your client is pleading guilty.  This Agreement with respect to the appropriate sentence affects only the term of incarceration and supervised release.  The Court may impose other applicable statutory provisions as part of the sentence, including specifically fines and other conditions of supervised release.

### A.     Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement between the parties to the Court for its approval.  In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement.  If the Court accepts this Agreement, the Court will sentence your client to between 144 months and 188 months of incarceration, followed by **5** years of supervised release. The parties agree that this Office and your client retain their full rights to allocute for any sentence between 144 and 188 months.  Your client understands, however, that the sentence to be imposed within the range to which the parties agree in this Agreement is a matter solely within the discretion of the Court.  The parties further agree that the sentence imposed within that range will be determined by the Court after considering the factors set forth in 18 U.S.C. § 3553(a) and the applicable guideline range under the United States Sentencing Guidelines, discussed below.  Your client understands that if the Court accepts this Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

### B.     Rejection of this Agreement by the Court

The parties understand that the Court may not agree that the sentencing range of 144 months to 188 months agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure.  Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea.  If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement.  Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges before your client enters any guilty plea in this case.

If the Court rejects this Agreement, your client elects to maintain this plea, and the Government does not exercise its right to withdraw from this Agreement, the parties agree that your client will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.  Your client further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

### 5.     Sentencing Guidelines Analysis

In accordance with Paragraph 4 above, your client understands that, but for the above described agreed sentence pursuant to Rule 11(c)(1)(C), the sentence in this case would be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines and policies promulgated by the Sentencing

Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

### A. Estimated Offense Level Under the Guidelines

The parties are in agreement as to the Guideline range in this case and that the following sentencing enhancements are legally applicable. The defendant reserves the right to argue that, as a policy matter, the use of a computer enhancement should not apply, even though the defendant agrees that it is legally applicable.

| | | |
|---|---|---|
| U.S.S.G. § 2G2.2 | Base Offense Level | 22 |
| | Specific Offense Characteristics | |
| U.S.S.G. § 2G2.2(b)(2) | Not attained the age of 12 | +2 |
| U.S.S.G. § 2G2.2(b)(3) | Distribution | +2 |
| U.S.S.G. § 2G2.2(b)(4) | Sadomasochistic Conduct | +4 |
| U.S.S.G. § 2G2.2(b)(6) | Use of a Computer | +2 |
| U.S.S.G. § 2G2.2(b)(7) | 600 or more Images | +5 |
| | Total | 37 |

Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that

constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the Estimated Offense Level will be at least 34.

### B. Estimated Criminal History Category

Based upon the information now available to this Office, your client has no prior criminal history.

Accordingly, your client is estimated to have no criminal history points and your client's Criminal History Category is estimated to be I (the "Estimated Criminal History Category"). Your client acknowledges that after the pre-sentence investigation by the United States Probation Office, a different conclusion regarding your client's criminal convictions and/or criminal history points may be reached and your client's criminal history points may increase or decrease.

### C. Estimated Guidelines Range

Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, your client's estimated Sentencing Guidelines range is 151 months to 188 months (the "Estimated Guidelines Range"). In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 34 the estimated applicable fine range is $35,000 to $350,000. Your client reserves the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Except as provided for in the "Reservation of Allocution" section below, the parties also agree that neither party will seek any offense-level calculation different from the Estimated Offense Level calculated above in subsection A. However, the parties are free to argue for a Criminal History Category different from that estimated above in subsection B.

Your client understands and acknowledges that the Estimated Guidelines Range calculated above is not binding on the Probation Office or the Court. Should the Court or Probation Office determine that a guidelines range different from the Estimated Guidelines Range is applicable, that will not be a basis for withdrawal or recission of this Agreement by either party.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the

Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### 6. **Court Not Bound by this Agreement or the Sentencing Guidelines**

In accordance with Paragraph 4 above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below.  Nevertheless, your client reserves the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

Your client understands that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines.  Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court.  Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.  Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, your client's entry of a guilty plea to the charged offense(s) authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range.  The Government cannot, and does not, make any promise or representation as to what sentence your client will receive should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement.  Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

### 7. **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the court, even if those calculations differ from the Estimated Guidelines Range calculated herein.  In the event that the

Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to allocute for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from the Estimated Guidelines Range calculated herein.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation.  The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 8.   Conditions of Release

Your client acknowledges that, because your client is pleading guilty to an offense described in subparagraph (A), (B), or (C) of 18 U.S.C. § 3142(f)(1), the Court is required to order your client to be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

### 9.   Waivers

#### A.   Venue

Your client waives any challenge to venue in the District of Columbia.

#### B.   Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

#### C.   Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it, except where the Court rejects this Agreement under Rule 11(c)(5).

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

D.     **Appeal Rights**

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to

this waiver, your client is aware that your client's sentence has yet to be determined by the Court.  Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.  Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

E.  **Collateral Attack**

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel.  Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

**10.  Hearings by Video Teleconference and/orTeleconference**

Your client agrees to consent, under the CARES Act, Section 15002(b)(4) and otherwise, to hold any proceedings in this matter – specifically including but not limited to presentment, initial appearance, plea hearing, and sentencing – by video teleconference and/or by teleconference and to waive any rights to demand an in-person/in-Court hearing.  Your client further agrees to not challenge or contest any findings by the Court that it may properly proceed by video teleconferencing and/or telephone conferencing in this case because, due to the COVID-19 pandemic, an in-person/in-Court hearing cannot be conducted in person without seriously jeopardizing public health and safety and that further there are specific reasons in this case that any such hearing, including a plea or sentencing hearing, cannot be further delayed without serious harm to the interests of justice.

**11.  Use of Self-Incriminating Information**

The Government and your client agree, in accordance with U.S.S.G. § 1B1.8, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

**12**.     **<u>Restitution</u>**

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A and 18 U.S.C. § 2259 at the time of sentencing.

Your client agrees to pay restitution to all victims associated with your client's conduct charged in all counts of the Information who can be identified at or before sentencing.  Your client agrees to pay restitution to all victims associated with your client's receipt, possession, and distribution of child pornography from April 1, 2020 through February 5, 2021. This includes all minors engaging in sexually explicit conduct depicted in any images or videos distributed, transported, received or possessed by your client on his digital devices or any online accounts. Your client understands that these victims still maintain a right to request a larger amount of restitution from the Court, and that the agreed upon payment to each victim is the minimum amount due.

Payments of restitution shall be made to the Clerk of the Court.  In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs.  If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov.

Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to your client's sentencing.  Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement.  Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit.  Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States.  If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset.  If your client is sentenced to a term of imprisonment by the

Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

### 13. **Forfeiture**

The United States and your client hereby agree that the electronic devices seized from your client and your client's residence on February 5, 2021 (the date of his arrest) and currently in the custody and/or control of the FBI, was properly seized and was involved in or used in violation of Federal law by your client.

Your client agrees that this property is subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of his interest in this property by the United States. See 18 U.S.C. § 2428. As such, your client hereby relinquishes all claim, title, and interest he has in the above-listed property to the United States and consents to the civil, administrative, or judicial forfeiture of the property. Your client agrees that he will not file a claim to this property and withdraws any claim for the property that he may have filed. Your client knowingly and voluntarily waives any right to notice provided for in 18 U.S.C. § 983 and Rule 32.2 of the Federal Rules of Criminal Procedure. Your client also hereby consents to the property's destruction by, and/or abandonment to, the law enforcement agency. Your client certifies that he is the sole owner of the property and that no one else has an ownership interest in this property.

Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 14. **Sex Offender Registration**

Your client acknowledges and agrees that, pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C § 2250, 34 U.S.C. §§ 20911(1), and 20915, your client is required to register as a sex offender, and may be required to register for the rest of his lifetime depending on the jurisdiction in which he resides, and to keep the registration current in jurisdictions where your client resides, where your client is employed and where your client is a student. Your client understands that the requirements for registration include providing your client's name, residence address, and the names and addresses of any places where your client will be employed or a student, among other information. Your client understands that should your client knowingly fail to comply with your client's obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. § 2250, your client could be prosecuted for the offense of failure to register as a sex offender and subject to a term of up to ten years imprisonment, a fine

or both.  Your client further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. § 3583 and that failure to comply with your client's obligations under the Sex Offender Registration and Notification Act could subject your client to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### 15. **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement.  In the event of such a breach:  (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off –the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement.  Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses.  Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement.  In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

16. **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or, other than those offices specified in this agreement, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. The Attorney General's Office in Arizona has agreed not to prosecute certain charges as described above. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than May 10, 2021.

                                        Sincerely yours,

                                        Channing D. Phillips / JSL
                                        _____
                                        Channing D. Phillips
                                        Acting United States Attorney


By:   *April Russo*
        April N. Russo
        Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, Kira West, Esq. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 6/15/2021

Ruben Verastigui
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Ruben Verastigui, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: June 7, 2021

Kira West, Esquire
Attorney for Defendant